## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

ANTHONY L. KIMBROUGH,                     )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )
                                          )
STEVE KUNZWEILER,                         )          Case No. 25-CV-0185-CVE-CDL
District Attorney for Tulsa County,       )
MEGAN HILBORN, Assistant District         )
Attorney for Tulsa County, and           )
GENTNER DRUMMOND, Attorney General        )
for the State of Oklahoma,                )
                                          )
          Defendants.                     )

## OPINION AND ORDER

Anthony L. Kimbrough, a self-represented litigant, brings this action under 42 U.S.C. § 1983, asserting claims against defendants Steve Kunzweiler, Megan Hilborn, and Gentner Drummond, in both their individual and official capacities. Dkt. # 37. Kimbrough's claims arise from his unsuccessful efforts to obtain DNA testing pursuant to Oklahoma's post-conviction DNA statute, OKLA. STAT. tit. 22, § 1373 et seq. See id. Defendants Kunzweiler, Hilborn, and Drummond move to dismiss Kimbrough's first amended complaint, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. # 40. Kimbrough filed a response and defendants filed a reply. Dkt. ## 48, 49.[1] For the following reasons, the Court grants defendants' motion.

---

[1]    Kimbrough also filed an unauthorized surreply. Dkt. # 50; see LCvR7-1(f) (requiring leave of court to file supplemental brief). Kimbrough's surreply shall be stricken.

## I.   Background

Kimbrough was convicted of murder in the first degree and sentenced to life without the possibility of parole in Tulsa County Case No. CF-93-1833.  Dkt. # 37, at 6.[2]  On February 23, 2023, Kimbrough filed his first motion for post-conviction (DNA) testing.  Id.; see also, First Motion, State of Oklahoma v. Kimbrough, Case No. CF-93-1833 (Tulsa Cnty. Dist. Ct. Feb. 23, 2023).[3]  On July 6, 2023, the state sentencing court denied Kimbrough's application for post-conviction DNA testing.  Dkt. # 37, at 6; see also Order Denying Petitioner's Application for Post-Conviction DNA Testing, State of Oklahoma v. Kimbrough, Case No. CF-93-1833 (Tulsa Cnty. Dist. Ct. July 7, 2023).

Oklahoma's post-conviction DNA act allows certain convicted felons "who assert that [they] . . . did not commit such crime" to "file a motion in the sentencing court requesting forensic DNA testing of any biological material secured in the investigation or prosecution attendant to the challenged conviction."  OKLA. STAT. tit. 22, § 1373.2(A).  Upon the filing of a motion pursuant to OKLA. STAT. tit. 22, § 1373.2(A), the act requires a hearing and the sentencing court "shall order DNA testing only if the court" makes five findings enumerated by statute.  See OKLA. STAT. tit. 22, § 1373.4(A).  Relevant to Kimbrough's first motion for post-conviction (DNA) testing, the sentencing court found Kimbrough did not satisfy the first of five requirements:  "a reasonable probability that the petitioner would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution."  Dkt. # 37, at 7; see also Order Denying Petitioner's Application for Post-Conviction DNA Testing, State of Oklahoma v.

---

[2]   The Court's citations refer to the CM/ECF header pagination.

[3]   The Court may consider documents referred to in, and central to, the complaint and matters of public record without converting defendants' motion into a motion for summary judgment.  Berneike v. CitiMortgage, 708 F.3d 1141, 1146 (10th Cir. 2013).

Kimbrough, Case No. CF-93-1833 (Tulsa Cnty. Dist. Ct. July 7, 2023); OKLA. STAT. tit. 22, § 1373.4(A)(1).  Kimbrough appealed the denial of his first motion for post-conviction (DNA) testing, and the Oklahoma Court of Criminal Appeals affirmed the sentencing court's decision.  Dkt. # 37, at 6.

Now, Kimbrough brings his § 1983 claims to this Court arising from the denial of his first motion for post-conviction (DNA) testing.  See Dkt. # 37.  Kimbrough asserts two claims.  First, Kimbrough alleges:

> Trial judge "abused of discretion" by only reviewing some and not all of the jury trial testimony(s), which would have included defense eyewitness "Marion Clifton" testimony.  Before making its verbatim ruling that the plaintiff did not meet the "reasonable probability" requirement of 22 O.S. § (2013) 1373.4(A)(1).  Such a ruling authoritatively construed the post-conviction DNA act in a way that violates fundamental fairness and/or makes the Oklahoma DNA act unconstitutional.  A violation of the plaintiff procedures due process right and equal protection of the law which is protected by the Fourteenth Amendment of the United States constitution.

Dkt. # 37, at 7 (full capitalization and emphases omitted).  Second, Kimbrough alleges:

> Attorney General Gentner Drummond failure to respond to the plaintiff "motion for agreement to conduct DNA testing" of biological material evidence and/or his "failure to act" once he became aware of the plaintiff procedure due process and equal protection of the law rights were being violated makes Oklahoma DNA statutes 22 O.S. §§ 1371.1-1373.7 through § 1373.6 unconstitutional as a clear violation of the plaintiff['s] United States constitutional rights.

Id. at 17 (full capitalization and emphases omitted).[4]

---

[4]    Kimbrough also moved to supplement his first amended complaint, pursuant to Federal Rule of Civil Procedure 15(d), with information regarding his high blood pressure in 2023, which he contends is a result of stress induced by Drummond's failure to respond to his motion for agreement to conduct DNA testing.  See Dkt. # 47.  Rule 15(d) provides a mechanism for a party to supplement his pleading to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  FED. R. CIV. P. 15(d) (emphasis added).  Kimbrough filed his first amended complaint on September 5, 2025. Dkt. # 37. Accordingly, supplementation is not appropriate and Kimbrough's motion to supplement (Dkt. # 47) is denied.

Defendants move to dismiss Kimbrough's claims, arguing that:  they are entitled to Eleventh Amendment immunity concerning the claims against them in their official capacities; they are entitled to prosecutorial and qualified immunity concerning the claims asserted against them in their individual capacities; Kimbrough's claims are barred by the Rooker-Feldman and the Heck doctrines; Kimbrough is not entitled to injunctive or declaratory relief; and Kimbrough's claims against Gentner Drummond are time barred.  See Dkt. # 40.  As explained below, the Court agrees that Kimbrough's claims must be dismissed.

## II.  Standard of review

Rule 12(b)(1) permits the Court to dismiss a complaint for "lack of subject-matter jurisdiction."  "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."  Siloam Springs Hotel, L.L.C. v. Century Surety Co., 906 F.3d 926, 931 (10th Cir. 2018) (quoting United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999)).  "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."  Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).  Here, defendants have facially attacked the sufficiency of the first amended complaint's allegations as to the existence of subject matter jurisdiction by asserting Eleventh Amendment immunity.  Dkt. # 40; see Hughes v. Colo. Dep't of Corr., 594 F. Supp. 2d 1226, 1231 (D. Colo. 2009).  In addressing a facial attack under Rule 12(b)(1), the Court must "presume all of the allegations contained in the amended complaint to be true."  Ruiz, 299 F.3d at 1180.  Dismissal is proper where "the complaint

fails to allege any basis for subject matter jurisdiction over the claims raised therein." Harrison v. United States, 329 F. App'x 179, 181 (10th Cir. 2009).[5]

Dismissal of claims under Rule 12(b)(6) is appropriate if the facts alleged in the complaint fail to state a claim on which relief may be granted. To withstand a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. Id. at 556; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." Bell Atl. Corp., 550 U.S. at 555. When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded factual allegations and construe them in the plaintiff's favor. Id. But the court may disregard legal conclusions or conclusory statements devoid of factual support. Id.; Iqbal, 556 U.S. at 678.

Further, when a plaintiff appears without counsel, the Court must liberally construe the complaint. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But even self-represented litigants bear the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." Id. And the rule of liberal construction neither permits nor requires a court to assume the role of the unrepresented litigant's advocate by "supply[ing] additional factual allegations to round

---

[5] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

out a plaintiff's complaint or construct[ing] a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable." Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting Bell Atl. Corp., 550 U.S. at 556). Nonetheless, dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Bell Atl. Corp., 550 U.S. at 558. The Court now turns to Kimbrough's first amended complaint.

### III. Kimbrough's official capacity claims

As an initial matter, the Court notes Kimbrough asserts his claims against the defendants in their official capacities. Dkt. # 7, at 1, 5. The Court agrees with defendants that they are entitled to sovereign immunity as it relates to Kimbrough's official capacity claims. Dkt. # 40, at 6-7.

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." Peterson v. Martinez, 707 F.3d 1197, 1205 (10th Cir. 2013) (citation and internal quotation marks omitted). Claims against a state official in his or her official capacity are construed as claims against the state and, so, are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (holding that a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and "the Eleventh Amendment bars a damages action against a State in federal court"). "This immunity applies 'whether the relief sought is legal or equitable.'" Miller v. Okla. Dep't of Hum. Servs., Case No. CIV-22-507-D, 2022 WL 16541217, at *2 (W.D. Okla. Oct. 28, 2022) (unpublished) (quoting Papasan v. Allain, 478 U.S. 265, 276 (1986)); see also Steadfast Ins. Co. v. Agricultural Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity

6

applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.").

Here, Kimbrough requests injunctive and declaratory relief.  Dkt. # 37, at 20-21. Nevertheless, these requests are barred by Eleventh Amendment immunity as to all named defendants.  See Butler v. Rainbolt, Case No. 23-7091, 2024 WL 3548936, at *2 (10th Cir. July 26, 2024) (unpublished) (noting that in Oklahoma a district attorney is an arm of the state); see also Hooks v. Ahmed, Case No. CIV-23-36-D, 2023 WL 2844405, at *3-4 (W.D. Okla. Mar. 10, 2023) (unpublished), report and recommendation adopted 2023 WL 2842776 (W.D. Okla. Apr. 7, 2023) (holding official capacity claim against Drummond barred by Eleventh Amendment).

In his response, Kimbrough argues that the Ex Parte Young, 209 U.S. 123 (1908), exception permits his official capacity claims against the named defendants to proceed.  See Dkt. # 48, at 2 ("Ex Parte Young exception to Eleventh Amendment immunity, this exception allows suits against state officials in their official capacities for ongoing violations of federal law.").[6]  The Court disagrees.  To determine whether Ex Parte Young applies, the Court "need only conduct 'a straightforward inquiry'" into (1) whether the "complaint alleges an ongoing violation of federal law," and (2) whether the complaint "seeks relief properly characterized as prospective."  Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997)).  The first amended complaint does not identify an ongoing violation; rather, it identifies the purported constitutional violation that occurred when Kimbrough's request for DNA testing was denied in 2023.  Further, Kimbrough does not seek

---

[6]    Beyond this statement, Kimbrough did not provide any developed argument on this point. On this basis alone, the Court is inclined to reject this contention.  See Anderson v. Roberts, Case No. 07-3275-JWL, 2008 WL 2098093, at *2, n.3 (D. Kan. May 19, 2008) (unpublished).  Nevertheless, liberally construing Kimbrough's filings, the Court will address the Ex Parte Young exception.

prospective relief; he requests this Court's assistance to obtain the result he desires in his prior quest for post-conviction DNA testing.

Therefore, the Ex Parte Young exception is inapplicable, Kimbrough's claims against the defendants in their official capacities are barred by the Eleventh Amendment, and Kimbrough's official capacity claims are dismissed without prejudice. Polaski v. Colo. Dept. of Transp., 198 F. App'x. 684, 685-86 (10th Cir. 2006) (dismissal on grounds of Eleventh Amendment immunity is a dismissal for lack of subject matter jurisdiction and must be without prejudice) (citing Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006)).

## IV. Kimbrough's first claim

Next, the Court considers Kimbrough's first claim against the defendants in their individual capacities. Liberally construing the complaint, the Court discerns three sub-claims: a due process violation, an equal protection violation, and a challenge to the district court's denial of his motion for DNA testing. For the reasons explained below, each of these claims fail to state a cognizable claim.

### A. Due process claim

While Kimbrough's allegations are not entirely clear, the Court understands Kimbrough to be challenging as unconstitutional Oklahoma's postconviction DNA statute's requirement that "[a] court shall order DNA testing only if [it] finds … [a] reasonable probability that the petitioner would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution[.]" OKLA. STAT. tit. 22, § 1373.4(A)(1); see Dkt. # 37, at 7 (Kimbrough alleges § 1373.4(A)(1) is an "arbitrary statutory scheme which provides an unconstitutional discretionary mechanism rendering the constitutional inadequacy to access biological material evidence suitable for DNA testing."); see also id. at 17 (Kimbrough alleges he

"is not attacking his conviction, only the inadequacy of access DNA evidence to demonstrate his innocence with new evidence.").

This claim is very similar to that of the appellant in Huey v. Kunzweiler, 847 F. App'x 530 (10th Cir. 2021). There, the appellant claimed, "that Oklahoma's Postconviction DNA statute is constitutionally inadequate to provide access to biological evidence in violation of Mr. Huey's right to due process under the Fourteenth Amendment." Huey, 847 F. App'x at 534. Specifically, the appellant challenged the same statutory requirement, OKLA. STAT. tit. 22, § 1373.4(A)(1), as unconstitutional. Id. at 534-35. This Court determined that "placing limits on an offender's access to DNA evidence does not make Oklahoma's Postconviction DNA Act fundamentally inadequate to vindicate substantive rights." Id. at 535 (quoting Huey v. Kunzweiler, Case No. 20-CV-0021-CVE-FHM, 2020 WL 1325359, at *7 (N.D. Okla. Mar. 20, 2020) (unpublished) (internal quotations and citations omitted)). This Court therefore found that the appellant failed to state a plausible procedural due process claim. Id. On appeal, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") held that the appellant failed to show that the reasonable probability requirement violated "any recognized principle of fundamental fairness." Id. at 535 (quoting Morrison v. Peterson, 809 F.3d 1059, 1069 (9th Cir. 2015)). The Tenth Circuit affirmed this Court's dismissal for failure to state a claim upon which relief may be granted. Id.

In accord with the Tenth Circuit's guidance, this Court concludes, to the extent Kimbrough alleges that Oklahoma's postconviction DNA statute violates his due process rights,

that Kimbrough fails to state a claim upon which relief may be granted and dismisses the same. 28 U.S.C. § 1915(e)(2)(B)(ii).[7]

## B. Equal protection claim

To the extent Kimbrough raises an equal protection violation (Dkt. # 37, at 7-8), the Fourteenth Amendment's equal protection clause provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The equal protection clause generally requires "that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). However, "[t]he Equal Protection Clause does not forbid classifications," Taylor v. Roswell Indep. Sch. Dist., 713 F.3d 25, 54 (10th Cir. 2013), so, "[u]nless a legislative classification burdens a fundamental right or targets a suspect class, courts will uphold it if it is rationally related to a legitimate end," Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532 (10th Cir. 1998).

Kimbrough alleges his right to equal protection was violated by the sentencing court's denial of his first motion for postconviction DNA testing. Dkt. # 37, at 7. Kimbrough expands:

> [b]y the trial Judge's refusal to give effect to the statutory prescription, that the most favorable results must be presumed in the plaintiff favor, and not the most favorable results presumed in the state favor, the trial Judge decision in this case proves an (Abuse of Discretion) and that the state of Oklahoma's first motion for post-conviction DNA testing act and its procedures, are unfair, unconstitutional and in violation of the plaintiff's procedural due process and Equal protection of the law under the Fourteenth Amendment of the United States constitution.

Id. at 8 (capitalization and grammar in original). Kimbrough fails to develop any facts suggesting that § 1373.4(A)(1) either burdens a fundamental right or targets a suspect class. Therefore,

---

[7]    Because this Court granted Kimbrough leave to proceed in forma pauperis, this Court has a continuing obligation to dismiss this action "at any time" if the complaint—"(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Kimbrough also fails to state a claim that the statute at issue violates his right to equal protection under the law. See Tarver v. Kunzweiler, Case No. 20-CV-0392-GKF-FHM, 2020 WL 6050572, at *6 (N.D. Okla. Oct. 13, 2020) (unpublished) (dismissing plaintiff's claim that Oklahoma's postconviction DNA act violated his equal protection rights for failure to state a claim); 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Challenge to the sentencing court's ruling

Finally, Kimbrough's first claim appears to challenge the sentencing court's denial of his first motion for postconviction DNA testing. Dkt. # 37, at 7 (alleging the sentencing court abused its discretion), 20 (requesting "[a]n injunction requiring defendants provide access to all biological material evidence in plaintiffs' [sic.] case for DNA testing using modern technology."). To the extent Kimbrough requests this Court to review and overturn the state sentencing court's decision, this claim must be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.[8] Erlandson v. Northglenn Mun. Ct., 528 F.3d 785, 789 (10th Cir. 2008) ("[A] complaint filed in federal district court that seeks review and reversal of a state-court judgment is properly dismissed under Rooker-Feldman.").

For the reasons articulated, the Court concludes Kimbrough's first claim for relief fails to state a valid claim against any defendant, in his or her individual capacity, and dismisses the same.[9]

---

[8]     Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[9]     Defendants also contend they are entitled to absolute prosecutorial immunity and qualified immunity. Dkt. # 40, at 7-8, 13-15. However, "[i]f a plaintiff fails to state a valid claim, [the Court] need not even reach the issue of the qualified immunity defense." Moore v. City of Wynnewood, 57 F.3d 924, 931 (10th Cir. 1995). Because, as noted, Kimbrough fails to state a valid claim against the defendants, in their individual capacities, showing a deprivation of his constitutional rights, the Court will not address the issues of absolute or qualified immunity.

### V. Kimbrough's second claim

For his second claim, Kimbrough alleges that Drummond, in his individual capacity,[10] violated his rights to due process and equal protection when Drummond failed to respond to Kimbrough's motion for agreement to conduct DNA testing.[11] Dkt. # 37, at 17. Kimbrough seeks only injunctive and declaratory relief. Id. at 20-21. However, "[u]nder § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." Chilcoat v. San Juan Cnty., 41 F. 4th 1196, 1214 (10th Cir. 2022) (citing Brown v. Montoya, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.")). Therefore, Kimbrough fails to state a claim against Drummond, in his individual capacity, and this claim is dismissed without prejudice.[12] 28 U.S.C. § 1915(e)(2)(B)(ii).

### VI. Conclusion

Based on the foregoing, the Court concludes that the defendants' motion to dismiss shall be granted, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

---

[10]   As explained supra, the Court already concluded that any claim against Drummond in his official capacity is barred by the Eleventh Amendment.

[11]   "DNA testing is allowed under the Postconviction DNA Act, without the requirement of filing a motion, when both the State and the convicted person agree that post-conviction testing should be conducted." Watson v. State, 343 P.3d 1282, 1283 (Okla. Crim. App. 2015) (citing OKLA. STAT. tit. 22, § 1373.6(A)).

[12]   Drummond also contends he is entitled to absolute prosecutorial immunity and qualified immunity. Dkt. # 40, at 7-8, 13-15. However, as previously explained, "[i]f a plaintiff fails to state a valid claim, [the Court] need not even reach the issue of the qualified immunity defense." Moore, 57 F.3d at 931. Therefore, the Court will not address the issues of absolute or qualified immunity.

**IT IS THEREFORE ORDERED** that Kimbrough's surreply (Dkt. # 50) is **stricken**.

**IT IS FURTHER ORDERED** that Kimbrough's motion to supplement (Dkt. # 47) is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Dkt. # 40) is **granted**.

**IT IS FURTHER ORDERED** that Kimbrough's motion for discovery (Dkt. # 44) is **denied as moot**.

**IT IS FURTHER ORDERED** that this is a final order terminating the case and a separate judgment of dismissal shall be entered herewith.

**DATED** this 20th day of May, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE